WILLIS J. ZICK, Corporation Counsel, Waukesha County
You request my opinion as to the date the county board of supervisors may effectively abolish the elective office of coroner and implement a medical examiner system. *Page 362 
It is my opinion that any such change should be made as to be effective at the end of the term for which the incumbent was elected.
In 61 OAG 355 (1972), it was stated that although Art. VI, sec.4, Wis. Const., had been amended to permit counties of less than 500,000 population to abolish the elective office of coroner and implement a medical examiner system, implementation legislation was a necessary prerequisite.
The necessary implementation legislation is provided by ch. 272, Laws of 1973, but does not provide all details necessary to orderly transition.
In 61 OAG 355 (1972), it was stated that if implementation legislation were enacted, the change could be made at any time without regard to the tenure of any incumbent coroner. I feel constrained to withdraw this language. While it can be argued that the provisions of Art. VI, sec. 4, Wis. Const., contain an implied power to abolish the office of coroner and implement a medical examiner system at any time, the same section provides that coroners shall be elected every two years and orderly transition would require that such office be abolished at the end of a term for which the incumbent was elected.
In 63 Am. Jur. 2d, Public Officers and Employees, sec. 147, p. 719, it is stated:
 "There is no doubt of the power of the legislature which creates an office, to abolish it or to change it, and the legislature may shorten or lengthen the term of the office itself, in the absence of constitutional inhibition. . . ." (Emphasis added.)
Also see State v. Douglas (1870), 26 Wis. 428.
The office of coroner in Wisconsin is constitutional with statutory powers, and the term is partially established by the Constitution.
State ex rel. Kleist v. Donald (1917), 164 Wis. 545,160 N.W. 1067 holds that where the term of a circuit judge is prescribed by the Constitution, the legislature cannot shorten it by statute which in effect would constitute a removal from office.
I am of the opinion that a county board may abolish the office of coroner and institute a medical examiner system to be effective at the *Page 363 
end of the term of the incumbent coroner irrespective of the fact that nomination papers have been circulated and filed for the election of a coroner under the present system.
RWW:RJV